11 KIRBY, J.
In this domestic matter, Brian Thompson appeals the trial court’s judgment of July 22, 1999, which partitioned the property of the community formerly existing between Veronica Thompson and Brian Thompson.
Veronica Thompson filed for a divorce from Brian Thompson on December 13, 1996. On February 19, 1997, a hearing was held on Veronica’s rules for alimony pendente lite; child support; child custody; sole use of the family home, furnishings, vehicle; and preliminary injunction. At that hearing, Veronica was represented by counsel, but Brian was not. Veronica’s counsel read into the record a proposed consent judgment. Both Brian and Veronica stated that they agreed to the terms of the judgment. Veronica’s counsel prepared a written draft of this consent judgment, but her attempts to secure Brian’s signature on this judgment were unsuccessful. Brian was subsequently ordered to show cause as to why he should not be compelled to sign the consent judgment. Brian retained counsel and ultimately signed the consent judgment on August 20, 1997, with some mutually acceptable changes.
A judgment of divorce between the parties was granted on September 10, 1997. On April 3, 1998, Veronica filed a petition for judicial partition of | ¡,,community property in accordance with the provisions of La. R.S. 9:2801. On that same day, Veronica filed with the court a sworn detailed descriptive list of all assets and liabilities of the community as of December 1996. On April 24, 1998, Brian Thompson filed his sworn detailed descriptive list of the community assets and liabilities. In these lists, Veronica stated the net value of the community as $26,728.78 and Brian stated the net value as $24,068.49.
On February 11, 1999, this matter came to be heard on a community property trial. With counsel for both parties present, the matter was submitted on pleadings only.
On February 26, 1999, Brian filed an amended sworn detailed descriptive list of the assets and liabilities of the community. On March 1, 1999, Veronica did the same. In Brian’s amended list, he changed the net value of the community from $24,068.49 to -$927.06. In Veronica’s amended list, she changed the net value from $26,728.78 to $22,973.60. These amended lists also included reimbursements allegedly owed by each party to the other.
On July 22, 1999, the trial court rendered judgment, partitioning the community property between the parties. Brian has appealed from that judgment. In his sole assignment of error, Brian argues that the trial court erred in giving no consideration to his sworn detailed descriptive list in partitioning the community property.
In his judgment, the trial court found that the net value of the community property as of December 13, 1996 (the date of termination of the community) was $29,303.25. He allocated the assets and liabilities to the parties and listed items for which reimbursements were due by and to each party. At the beginning of this judgment, the trial court stated that he arrived at his findings after considering the | ^evidence, arguments of counsel and post-hearing memoranda ordered at the February 11, 1999 hearing. The trial court stated at the end of the judgment that the community property was partitioned pursuant to La. R.S. 9:2801.
*857 There is nothing in the judgment that supports Brian’s argument that no consideration was given to the descriptive lists submitted by him, and that the trial court based its judgment solely on Veronica’s descriptive lists. The trial court’s determination of the net value of the community property is not drastically different from the figures submitted by the two parties in their original descriptive lists. The trial court stated that post-hearing memoranda were considered in his judgment. Therefore, we must assume that the trial court reviewed Brian’s amended list that assigned a negative net value to the community property and did not find this change in value to be credible.
In his argument, Brian also suggests that the partition of community property is defective because there was no testimony offered by Veronica at the February 11, 1999 hearing regarding her valuations set forth in her two descriptive lists. The court reporter’s notes of February 11, 1999 indicate that this matter was submitted on pleadings with counsel for both parties present. Because counsel agreed to submit the matter on pleadings, Brian cannot now complain about the absence of testimony.
La. R.S. 9:2801 allows the trial court broad discretion in resolving community property disputes. Crais v. Crais, 98-1477 (La.App. 4 Cir. 1/13/99), 737 So.2d 785, writ denied, 99-0763 (La.5/14/99), 741 So.2d 668. We have thoroughly reviewed the record in this case, and we find no abuse of the trial court’s discretion.
l4For the reasons stated above, the trial court judgment is affirmed.
AFFIRMED